UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LINO SUSANO ESTRADA CASTRO, MARIA RODRIGUEZ, and BENJAMIN GUZMAN ESTRADA,<br><br>Plaintiffs,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Defendant. | Case No. 1:17-cv-00673-AWI-BAM<br><br>**FINDINGS AND RECOMMENDATIONS REGARDING PETITION FOR APPROVAL OF MINOR'S COMPROMISE OF DISPUTED ACTION**<br><br>(Doc. No. 21)<br><br>FOURTEEN-DAY DEADLINE |

## I. INTRODUCTION

On May 4, 2018, Rogelio Eli Estrada Castro, as the court appointed guardian ad litem of named minor plaintiff Benjamin Guzman Estrada filed a petition to approve the proposed settlement between Lino Susano Estrada Castro, Maria Rodriguez, and minor Benjamin Guzman Estrada ("Plaintiffs") and the United States of America ("Defendant"). (Doc. No. 21.) Plaintiffs represent that the final settlement of this action is contingent upon this Court's approval of the compromise of action. (Id. and Ex. D at ¶ 20.) The petition was not set for hearing, and the matter is deemed submitted. Local Rule 230. Having considered the petition, the terms of the settlement, and the record in this matter, the Court finds that the proposed settlement agreement is fair and reasonable. For the reasons that follow, the Court RECOMMENDS that the Petition for Approval of Compromise of

1

the Claims of Minor Plaintiff Benjamin Guzman Estrada, by and through his guardian ad litem Rogelio Eli Estrada Castro, BE APPROVED and GRANTED.

## II. BACKGROUND

Plaintiffs' initiated this action on May 12, 2017. (Doc. No. 1.) The claims at issue arise from an automobile accident between Plaintiffs and one of Defendant's forest service vehicles. Following Defendant's answer, and by agreement of the parties, the Court referred this action to the Voluntary Dispute Resolution Program ("VDRP"). (Doc. No. 13.) The VDRP process was completed on February 20, 2018, and the parties reached a settlement. Plaintiffs filed the instant petition to compromise the claims of minor plaintiff Benjamin Guzman Estrada on May 4, 2018. (Doc. No. 21.)

On May 17, 2018, the Court issued a minute order directing the parties to establish an interest-bearing blocked trust account at an FDIC banking institution for the benefit of the minor plaintiff. The Court also directed the parties to provide the account number and institution name to the Court for consideration with the pending petition for approval of minor's compromise. (Doc. No. 22.)

On May 22, 2018, Defendant filed a notice of non-opposition to the petition for approval of the minor's compromise. In the notice, Defendant clarified that (1) a settlement agreement had been drafted and signed by the parties, with a copy attached to the petition, (2) the United States is the sole defendant in this action, (3) the United States disputes a number of the factual statements set forth in the petition and points out that the settlement agreement expressly provides that it is not, and is in no way intended to be, an admission of liability or fault on the part of the parties, their agents, servants, or employees, and (4) defense counsel was informed that plaintiffs' attorney was working to establish an interest-bearing, blocked trust account at an FDIC banking institution for the benefit of the minor plaintiff and that he intended to provide the account number and institution name for the Court's consideration. (Doc. No. 23.)

On June 13, 2018, the Court issued a minute order directing Plaintiffs to file a written status report regarding he status of the interest-bearing, blocked trust account within seven days. (Doc. No. 24.)

On June 18, 2018, in response to the Court's minute order, Plaintiffs advised that an interest-bearing blocked account was established on or about June 16, 2018, with OnPoint Community Credit

Union located in Portland, Oregon, with designated account number 1331097. Plaintiffs' counsel personally contacted the bank to verify the information. (Doc. No. 25.)

**Terms of Settlement**

Defendant agrees to pay $75,000 to settle this action. Pursuant to the terms of the settlement, $37,000.00 is apportioned to Plaintiff Castro, $26,000.00 is apportioned to Plaintiff Rodriguez and $12,000.00 is apportioned to minor plaintiff Benjamin Guzman Estrada ("minor plaintiff"). (Doc. No. 21 at 4.)

With respect to the $12,000.00 apportioned to minor plaintiff Benjamin Guzman Estrada, after deducting attorneys' fees of $3,000.00, costs of $251.22, and medical liens of $2,952.76, the total net settlement to the minor plaintiff is $5,796.02. (Id. at 7.) It is proposed that Rogelio Eli Estrada Castro, minor plaintiff's guardian ad litem, will serve as trustee for the balance paid to the minor plaintiff. Mr. Estrada Castro intends to deposit the money into a blocked account until the minor plaintiff is of age. (Id.)

With respect to the $37,000.00 apportioned to Plaintiff Castro, after deducting attorneys' fees of $9,250.00, costs of $329.10, and medical liens of $10,093.32, the total net settlement to Plaintiff Castro is $17,327.58. (Id. at 5-7.)

With respect to the $26,000.00 apportioned to Plaintiff Rodriguez, after deducting attorneys' fees of $6,500.00, costs of $406.78, and medical liens of $4,910.53, the total net settlement to Plaintiff Rodriguez is $14,182.69. (Id.)

**III.  DISCUSSION**

**A.  Relevant Standards**

No compromise or settlement of a claim by a minor is effective unless it is approved by the Court. Local Rule 202(b). Any application for approval of a proposed settlement or compromise must disclose, among other things, the following:

> the age and sex of the minor . . ., the nature of the causes of action to be settled or compromised, the facts and circumstances out of which the causes of action arose, including the time, place and persons involved, the manner in which the compromise amount . . . was determined, including such additional information as may be required to enable the Court to determine the fairness of the settlement or compromise . . . .

Local Rule 202(b)(2). Additionally, when, as here, the minor is represented by an attorney, the representation must be disclosed to the Court, including the terms of employment and whether the attorney became involved in the application at the instance of the party against whom the causes of action are asserted, whether the attorney stands in any relationship to that party, and whether the attorney has received or expects to receive any compensation, from whom, and the amount. Local Rule 202(c).

In addition to the foregoing requirements, Federal Rule of Civil Procedure 17(c) imposes on district courts a special duty to safeguard the interests of litigants who are minors. *Robidoux v. Rosengren*, 638 F.3d 1177, 1181 (9th Cir. 2011). In the context of proposed settlements in suits involving minor plaintiffs, the district court's special duty requires it to "conduct its own inquiry to determine whether the settlement serves the best interests of the minor." *Id.* (quoting *Dacanay v. Mendoza*, 573 F.2d 1075, 1080 (9th Cir. 1978)). Therefore, district courts should "limit the scope of their review to the question [of] whether the net amount distributed to each minor plaintiff in the settlement is fair and reasonable, in light of the facts of the case, the minor's specific claim, and recovery in similar cases." *Id.* at 1181–82. Further, the fairness of each minor plaintiff's net recovery should be evaluated "without regard to the proportion of the total settlement value designated for adult co-plaintiffs or plaintiffs' counsel—whose interests the district court has no special duty to safeguard." *Id.* at 1182 (citing *Dacanay*, 573 F.2d at 1078).

**B. Analysis**

The petition in this case sets forth the required information. The minor involved is a 10-year-old boy. This action arises out of an auto incident that occurred on August 26, 2015, when a United States Department of Forest Services vehicle driven by David E. Spinden rear-ended the vehicle in which the minor plaintiff was a passenger. The minor plaintiff seeks recovery of damages arising from the injuries he suffered in the incident.

Further, the minor plaintiff is represented by the Law Offices of Steven Ibarra. Counsel accepted the engagement in this action for a contingency fee, plus reimbursement for any costs advanced. The retainer agreement provides for a 40 percent attorney fee recovery if the matter concludes after commencement of a lawsuit, however, counsel seeks only the statutorily allowed 25%

pursuant to 28 U.S.C. § 2678. (Doc. 21 at p. 5; Doc. 21-6.) Plaintiffs' counsel represent that they did not become involved in this matter at the instance of any party against whom the causes of action are asserted. Plaintiffs' counsel expect to receive compensation from funds distributed to the minor plaintiff in the amount of $3,000 (25 percent of minor plaintiff's settlement share of $12,000), along with costs of $251.22 (pro rata costs). Counsel also expect to receive compensation from funds distributed to Plaintiffs Castro and Rodriguez, along with the pro rata share of costs attributed to these additional plaintiffs. (Doc. 21 at 5-6.)

Having considered the unopposed petition, the Court finds that the net payment of $5,796.02 ($12,000 less attorneys' fees, costs and medical liens) is fair and reasonable in light of the facts of the case, the specific claims, and recoveries in similar cases. *See, e.g., De La Cruz v. U.S. Postal Serv.*, No. 1:08cv0018 OWW DLB, 2010 WL 319670, at *4 (E.D. Cal. Jan. 20, 2010), report and recommendation adopted, No. 1:08cv0018 OWW DLB, 2010 WL 624432 (E.D. Cal. Feb. 17, 2010) (approving minor's compromise in the net amount of $3,750.00 for each minor plaintiff in action for injuries arising from auto incident involving driver for United States Postal Service). Accordingly, the Court will recommend approval of the petition for minor's compromise. Additionally, the Court will instruct that the United States be directed to pay the $5,796.02 to Rogelio Eli Estrada Castro, as the Guardian Ad Litem for Benjamin Guzman Estrada, a minor, in trust to the Law Offices of Steven Ibarra for deposit in the OnPoint Community Credit Union interest-bearing, blocked account number 1331097, and proof of such deposit be submitted to the Court.

## III. CONCLUSION AND RECOMMENDATION

Based on the foregoing, the Court HEREBY RECOMMENDS as follows:

1. The Petition for Approval of Minor's Compromise of Disputed Action be GRANTED and the terms of the settlement, including costs and attorneys' fees, be APPROVED as fair and reasonable;
2. Minor Plaintiff Benjamin Guzman Estrada receive $5,796.02 by way of settlement;
3. The United States be directed to pay the $5,796.02 to Rogelio Eli Estrada Castro, as the Guardian Ad Litem for Benjamin Guzman Estrada, a minor, in trust to the Law Offices of

Steven Ibarra for deposit into the OnPoint Community Credit Union interest-bearing, blocked account numbered 1331097.

4. No withdrawals of principal or interest may be made from the blocked accounts without a written order under this case name and number, signed by a judge, and bearing the seal of this Court, until the respective minor attain the age of 18 years. When the respective minor attains the age of 18 years, the depository, without further order of this Court, is authorized and directed to pay by check or draft directly to the former minor, upon proper demand, all moneys including interest deposited under this order. The money on deposit is not subject to escheat.

5. The blocked account in this matter is to be solely for the benefit of minor plaintiff in this case and such funds placed, therein, cannot be accessed by anybody other than the respective minor plaintiff upon reaching the age of majority. The parents/guardian ad litem shall have no right to access any of the funds in such blocked account for any reason.

6. Plaintiffs' counsel shall have twenty-one (21) days following payment of the settlement proceeds to submit proof of the funding of the above-referenced account to the Court; and

7. The Minor Plaintiff's share to be paid for attorneys' fees in the amount of $3,000.00 and costs in the amount of $251.22 be approved.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within **fourteen (14) days** after being served with these Findings and Recommendations, the parties may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."

The parties are advised that the failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

///

///

To expedite resolution of these Findings and Recommendations, if the parties do not have any objections, they should each file a "Notice of Non–Objection to Findings and Recommendations."

IT IS SO ORDERED.

Dated: **June 19, 2018**  /s/ *Barbara A. McAuliffe*
UNITED STATES MAGISTRATE JUDGE